**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 2:03-CR-19(25) |
| | § | |
| CARL CHANCE | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On May 22, 2007, the court held a hearing on the government's Petition to Revoke Supervised Release. The government was represented by Assistant United States Attorney Mr. Richard Moore. The defendant was represented by Ms. Tonda Curry.

Carl Chance was sentenced on August 27, 2004, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Possession With Intent to Distribute Cocaine Base, a Class C felony. This offense carried a statutory maximum imprisonment term of twenty (20) years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. Carl Chance was subsequently sentenced to thirty-seven (37) months in prison followed by two (2) years supervised release subject to the standard conditions of release, plus special conditions to include his participation in a program of testing and treatment for drug abuse as directed by the probation officer, and his provision to the probation officer of access to any requested financial information for the purpose of monitoring his ability to obtain and maintain employment. On February 24, 2006, Carl Chance completed his period of imprisonment and began service of the supervision term.

On April 19, 2007, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Specifically, the government alleges as follows: the defendant failed to submit a written report form for the months of October, November, and December of 2006; January, February, and March of 2007. The defendant failed to report to the probation department on October 26, 2006, and November 1, 2006.

2) The defendant shall notify the probation officer ten days prior to any change of residence or employment. Specifically, the government alleges as follows: Mr. Carl Chance has absconded, and his current address is unknown. His last address noted was at Motel 6, Gentry Parkway, Room 216, Tyler, Texas 75712. On October 19, 2006, a certified letter was mailed to the offender instructing him to report to the probation department. That letter was returned marked as "not deliverable as addressed." On October 27, 2006, a certified letter was mailed to the offender's parents' address in an attempt to locate him; however, the letter was signed by a family member, Annie Chance, but the offender never responded to the letter. On October 25, 2006, a home visit was conducted. His sister, Tiffany Chance, reported that Mr. Chance was still in the area and would come by the house from time to time, but that she was not award of his living arrangements. She stated she would let Mr. Chance know that he should contact the probation department as soon as possible. A message was left that Mr. Chance would soon have a space at the residential community center and that he must report to the center upon notification of placement.

3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the government alleges as follows: on August 8, 2006, Mr. Chance submitted a urine sample which tested positive for marijuana and codeine. On this same date, the offender admitted to smoking marijuana and taking codeine.

4) The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days, to commence upon release from confinement and shall observe the rules of that facility. Specifically, the government alleges as follows: the defendant failed to report to the center on November 1, 2006.

The court scheduled a revocation hearing for May 22, 2007. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the all of the allegations as set forth above. Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to all of the allegations as set forth in the government's petition be **ACCEPTED**. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons

to be imprisoned for a term of twelve (12) months, with no term of supervised release to follow such term of imprisonment.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 24th day of May, 2007.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE